**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CLAIRE HALL and<br>JAMES HALL,<br><br><br>   *Plaintiff,*<br><br>    v.<br>SOUTH KINGSTOWN POLICE<br>DEPARTMENT, through the<br>Town Manager James Manni;<br>POLICE CHIEF MATTHEW C.<br>MOYNIHAN, POLICE OFFICER<br>MATTHEW WHITE and, POLICE<br>OFFICER ANTHONY SOUZA,<br><br>   *Defendant.* | C.A. No. _____<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**Parties**

1. Plaintiff, Claire Hall, who is married to Plaintiff James Hall, is a domiciliary of Newport, Rhode Island, and a citizen of the United States of America.

2. Consortium Plaintiff, James Hall, is married to Claire Hall, also a domiciliary of Newport, Rhode Island and also a citizen of the United States of America.

3. Defendant, the South Kingstown Police Department is a municipal agency that is under the direction of Town Manager James Manni and at the present time under the general operation of Defendant, Chief Matthew C. Moynihan.

4. Defendant, the South Kingstown Police Department has a principal place of business located at 1790 Kingstown Road, South Kingstown, Rhode Island.

5.     Defendant, Chief Matthew C. Moynihan has been the South Kingstown Chief of Police since July of 2022.

6.     Defendant, Office Matthew White is a South Kingstown Police Officer.

7.     Defendant, Officer Anthony Souza is a South Kingstown Police Officer.

8.     Defendants Officer White and Officer Souza are being sued in their individual capacity, as well as in their capacity as police officers for the Town of South Kingstown.

9.     Defendant Chief Moynihan is being sued in his capacity as police chief of the Defendant the Town of South Kingstown Police Department.

### Jurisdiction

10.     This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C.A. §1331.

11.     Plaintiffs are asserting civil rights violations against each and every defendant pursuant to 42 U.S.C.A. § 1983, as well as certain enumerated common and state law claims.

### Facts

12.     On February 9, 2023, Plaintiff Claire Hall was operating a motor vehicle on Route 1 in South Kingstown in the section of road known as Tower Hill Road.

13.     At approximately 3:15 p.m., as she was proceeding north on Route 1, she noticed that a motor vehicle accident had occurred ahead of her.

14.     She observed two young men outside two vehicles which appeared to have been in a collision.

15.     The two vehicles were stopped in the left lane near the traffic light.

16.     The vehicle behind appeared to have struck the vehicle ahead of it.

17.     Concerned about the well-being of the two operators, Ms. Hall pulled her vehicle over to the grass median on the left.

18.     Observing the accident and the two young drivers, Ms. Hall sought to offer her assistance as a "Good Samaritan."

19.     Ms. Hall turned on her vehicle's hazard signal and alighted from her vehicle.

20.     Ms. Hall approached the two young men and inquired of both about whether they were hurt and/or had suffered any injuries.

21.     Van Limoges, a seventeen-year-old high school student, had a laceration on his knee and a head injury caused by hitting his head on the windshield, which he had shattered upon impact.

22.     Samuel St. Hiliare, a twenty-one-year-old college student, indicated that he did not believe he had been injured.

23.     Mr. St. Hiliare had liquid all over his top and when Ms. Hall inquired about the liquid, he confirmed that it was water that had spilled on him upon impact.

24.     Ms. Hall asked if either of the two young men had contacted 9-1-1.  She was told that 9-1-1 had been contacted about the accident and that police were on their way to the scene.

25.     Ms. Hall helped both accident victims to remain calm and assisted them in working through the ramifications of the accident.

26.     Mr. Limoges appeared disoriented; accordingly, Ms. Hall asked him to sit on the grass median away from traffic; he complied.

27.     Ms. Hall asked Mr. Limoges if he wanted assistance in contacting a family member and Mr. Limoges indicated that he would like to call his father.

28.    Mr. Limoges attempted to remove his cell phone from his front right pocket but was unable to do so because his hands were shaking excessively.

29.    Ms. Hall then offered for Mr. Limoges to use her cell phone to call his father, whose vehicle he was operating.

30.    Ms. Hall took out her own cell phone, handed it to Mr. Limoges so that he could dial his father. However, due to his physical and emotional condition he was unable to complete this task and therefore, Ms. Hall made the call for him.

31.    Ms. Hall spoke with Mr. Limoges' father, explaining who she was and informing him that his son had been in an accident.

32.    Ms. Hall told Mr. Limoges' father that his son was "okay" but had suffered physical injury to his head and leg.

33.    Within a few minutes after Ms. Hall had arrived at the accident scene, Officer Souza from the South Kingstown Police Department arrived.

34.    Officer Souza was not equipped with a body camera.

35.    Officer Souza approached the scene in a combative manner, which was obvious to Ms. Hall. The  reason for his combativeness was unknown.

36.    Ms. Hall explained who she was to Officer Souza, indicating that she arrived very shortly after the accident had occurred and was there to offer assistance to the two operators.

37.    Mr. Limoges' father was still on the line on Ms. Hall's cell phone when Officer Souza approached.

38.    Ms. Hall told Van Limoges' father that she would inquire with the officer as to where his son would be transported since the father was traveling from Portsmouth, RI.

39.    Ms. Hall  was attempting to ascertain where Mr. Limoges would be transported for medical treatment.

40.    At all times prior to the arrival of the police, the post-accident situation remained calm, as both operators were respectful of each other and Ms. Hall.

41.    Without inquiring into Mr. Limoges medical condition, and despite the fact that the windshield had been shattered by Mr. Limoges' head, Officer Souza asked Mr. Limoges to move his vehicle off the highway.

42.    Ms. Hall informed Officer Souza that Mr. Limoges may have suffered head trauma and that he had been unable to contact his father on his own cell phone. Ms. Hall informed Officer Souza that Mr. Limoges' father was on Ms. Hall's cell phone, anxiously awaiting information on where his son was being transported.

43.    Officer Souza became more combative, apparently because the accident/traffic scene was not being cleared as quickly as he desired.

44.    Ms. Hall again explained to Officer Souza that she had Mr. Limoges' father holding on her a cell phone and asked him how she should respond as to where his son would be transported for medical assistance.

45.    Shortly after Officer Souza's arrival, a second South Kingstown police officer, Officer Matthew White, arrived at the scene.

46.    Unlike Officer Souza, Officer White was wearing an activated body camera .

47.    Instead of taking measures to assist the accident victims, speak with Mr. Limoges' father, or de-escalate the tension created by Officer Souza, Officer White began to shout at Ms. Hall, demanding that she move her vehicle.

48.     Ms. Hall informed Officer White that Mr. Limoges' father (who was on the line on her cell phone) was concerned about the well-being of his son and inquiring about where he would be transported for medical assistance.

49.     Ms. Hall interacted with Officer White for slightly more than a minute. during which she was very concerned about the officers' attempt to have Mr. Limoges operate his vehicle with a head injury.

50.     Ms. Hall repeatedly asked the officers what she should tell Mr. Limoges' father.

51.     Officer White ignored her question and instead told her to move her vehicle.

52.     Ms. Hall stated that she would move her vehicle, but before she did, she asked again what she should tell Van Limoges' father.

53.     Officer White told Ms. Hall to go sit in her car because she had nothing to do with the case. Ms. Hall repeated her request that Officer White speak with Van Limoges' father.

54.     Officer White became angry and told Ms. Hall that he would arrest her if she didn't move her vehicle.

55.     In response, Ms. Hall  inquired again about what she should tell Mr. Limoges' father.

56.     Officer White shouted at Ms. Hall to move her vehicle.

57.     Not knowing what else to do, Ms. Hall offered Officer White her cell phone so that he could speak directly with Mr. Limoges' father.

58.     After extending her arm to hand Officer White her cell phone, Officer White lunged at Ms. Hall with both hands.

59.     Ms. Hall did not know what was happening and why Officer White had his hands on her body.

60.    Ms. Hall was assaulted, restrained, forcefully thrown to the ground, and had a knee placed on her body before she was handcuffed.

61.    Ms. Hall endured bodily injury (including injury to her shoulders, teeth, breasts, and bladder), psychological damage, emotional distress, embarrassment, humiliation, and loss of bodily functions.

62.    Ms. Hall cried out in pain and asked the officers to let her move her arms informing them of her previously dislocated shoulder.  Officer White responded, "Well, rescue can look at you."

63.    When Ms. Hall was on the ground she asked why she was being arrested because she had not broken any laws. Officer White responded that it was because she wasn't "listening" to him.

64.    Ms. Hall was  pushed forward down Rt. 1 while in handcuffs in front of passing vehicles to Officer White's police cruiser.

65.    Ms. Hall was placed in the back of Officer White's police cruiser, which was the least traffic protected vehicle at the time.

66.    Upon placing Ms. Hall in the police cruiser, Officer Souza took Ms. Hall's cell phone from her and hung up on Mr. Limoges' father who was waiting to know where his son was to be transported for medical assistance.

67.    Ms. Hall was then locked in the back of Officer White's police cruiser for approximately twenty minutes before she was subsequently transported by Officer White to the South Kingstown police station.

68.    Ms. Hall's vehicle was eventually towed from the scene with her wallet still inside of it.

69.     While being transported in the police cruiser by Officer White, Ms. Hall was told by Officer White that he had stopped recording with his body camera.  Ms. Hall interpreted that statement as an attempt to intimidate her by letting her know that  what occurred from this point in time could no longer be corroborated by video.

70.     At the police station Officer White also informed Ms. Hall that none of the cameras were working, again indicating to Ms. Hall that what occurred from this point in time could no longer be corroborated by video and for purposes of intimidating Ms. Hall.

71.     Ms. Hall asked the officers to not "process" her explaining that she had not broken any laws and, as such, if she was "processed," her career would be ruined.

72.     As Ms. Hall was expressing her concerns, Officer White became frustrated once again and forcefully pushed her to a cell.

73.     At all times relevant, Ms. Hall was in fear for her own safety, having already been assaulted, battered and injured by Officers White and Souza.

74.     Despite her protestations Ms. Hall was charged with three misdemeanors: 1) Obstructing an Officer in Execution of Duty; 2) Disorderly Conduct; and 3) Resisting Legal or Illegal arrest.

75.     James Hall, Ms. Hall's husband, has witnessed and continues to witness the ways in which this civil rights violation, assault, battery, unlawful arrest and unlawful prosecution has and continues to have an adverse impact on his wife and their marital relationship.

76.     As a consortium plaintiff, James Hall has sustained damages specifically for the loss of his wife's society, comfort, advice, counsel, companionship, and all other aspects of their marital relationship.

## CLAIMS

### COUNT I
### Civil Rights Violation Pursuant to 42 U.S.C.A. § 1983 -
### All Defendants

77.     Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

78.     On February 9, 2023, Plaintiff Claire Hall, in her capacity as a "Good Samaritan" responding to an accident scene was, without provocation, assaulted, battered, arrested, and detained and charged with criminal violations by officers of the South Kingstown Police Department.

79.     As a result of the aforementioned actions, Ms. Hall was deprived the right to be free from unlawful arrest and detainer and deprived of the civil liberties she has been guaranteed under the Rhode Island and United States Constitutions and the Federal laws of the United States.

80.     As a result of the direct actions taken against Ms. Hall by Defendant, Officer White, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated as well as unlawfully and wrongfully charged as a criminal.

81.      As a result of the direct actions taken against Ms. Hall by Defendant, Officer Souza, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated as well as unlawfully and wrongfully charged as a criminal.

82.     As a result of the failure of Defendant, Chief Moynihan, to properly train, instruct, direct, and oversee police officers under his control and authority, Ms. Hall had her civil

rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

83.    As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, punitive damages, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

### COUNT II
**Assault**
**All Defendants**

84.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

85.    As a result of the direct actions taken against Ms. Hall by Defendant, Officer White, Ms. Hall was assaulted, physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

86.    As a result of his direct and indirect actions and inactions, Defendant, Officer Souza, caused Ms. Hall to be assaulted, physically injured, placed in imminent fear for her well-being, emotionally damaged, embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

87.    As a result of the failure of Defendant, Chief Moynihan, to properly train, instruct, direct, and oversee police officers under his control and authority, Ms. Hall was assaulted, physically injured, she was caused to lose income, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

88.    As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was assaulted, physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, lost income, punitive damages, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

## COUNT III
### Battery
### All Defendants

89.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

90.    As a result of the direct actions taken against Ms. Hall by Defendant, Officer White, Ms. Hall was battered, physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

91.    As a result of his direct and indirect actions and inactions, Defendant, Officer Souza, caused Ms. Hall to be battered, physically injured, placed in imminent fear for her well-being, emotionally damaged, embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

92.    As a result of the failure of Defendant, Chief Moynihan, to properly train, instruct, direct, and oversee police officers under his control and authority, Ms. Hall was battered, physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

93.    As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was battered, physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, lost income, punitive damages, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

## COUNT IV
### Police Brutality and Excessive Force
### All Defendants

94.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

95.    As a result of the direct actions taken against Ms. Hall by Defendant, Officer White, Ms. Hall was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was caused to lose income, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

96.    As a result of the direct and indirect actions taken against Ms. Hall by Defendant, Officer Souza, Ms. Hall was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

97.    As a result of the failure of Defendant, Chief Moynihan, to properly train, instruct, direct, and oversee police officers under his control and authority, Ms. Hall was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

13

98.     As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, lost income, punitive damages, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

### COUNT V
### Unlawful and/or False Arrest and False Imprisonment
### All Defendants

99.     Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

100.     As a result of the aforementioned actions, Ms. Hall was deprived the right to be free from unlawful arrest and detainer and the civil liberties she has been guaranteed under the Rhode Island and United States Constitutions and the Federal laws of the United States

101.     As a result of the direct actions taken against Ms. Hall by Defendant, Officer White, Ms. Hall had her civil rights violated; she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was caused to lose income, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

102.    As a result of the direct and indirect actions taken against Ms. Hall by Defendant, Officer Souza, Ms. Hall had her civil rights violated; she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

103.    As a result of the failure of Defendant, Chief Moynihan to properly train, instruct, direct, and oversee police officers under his control and authority, Ms. Hall had her civil rights violated; she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

104.    As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

105.    Pursuant to R.I.G.L. § 12-7-14, punitive damages may be awarded for false arrest and false imprisonment, both of which occurred to Ms. Hall.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, lost income, punitive damages, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

## <u>COUNT VI</u>
### Malicious Prosecution
### All Defendants

106.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth

herein.

107.    As a result of the aforementioned actions, Ms. Hall was deprived the right to be

free from unlawful arrest and prosecution, and deprived of the civil liberties she has been

guaranteed under the Rhode Island and United States Constitutions and the Federal laws of the

United States

108.    As a result of the direct actions taken against Ms. Hall by Defendant, Officer

White, Ms. Hall was physically injured, she was placed in imminent fear for her well-being, she

was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully

charged as a criminal.

109.     As a result of his direct and indirect actions and inactions, Defendant, Officer

Souza, caused Ms. Hall to be physically injured, placed in imminent fear for her well-being,

emotionally damaged, embarrassed, humiliated, and unlawfully and wrongfully charged as a

criminal.

110.    As a result of the failure of Defendant, Chief Moynihan, to properly train,

instruct, direct, and oversee police officers under his control and authority, Ms. Hall had her civil

rights violated; she was physically injured, she was placed in imminent fear for her well-being,

she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully

charged as a criminal.

111.    As a result of the failure of Defendant, the South Kingstown Police Department,

to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights

violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, punitive damages, lost income, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

### COUNT VII
**Negligence**
**All Defendants**

112.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

113.    Claire Hall, as a citizen of the United States, was owed a duty of care consistent with the South Kingstown Standing Order on Limits of Authority and Use  of Force, and to the laws  of the United States.

114.    Defendants breached this duty of care.

115.    As a result of the direct actions taken against Ms. Hall by Defendant, Officer White, Ms. Hall was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

116.    As a result of his direct and indirect actions and inactions, Defendant, Officer Souza, caused Ms. Hall to be physically injured, placed in imminent fear for her well-being,

emotionally damaged, embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

117.    As a result of the negligent failure of Defendant, Chief Moynihan, to properly train, instruct, direct, and oversee police officers under his control and authority, Ms. Hall had her civil rights violated; she was physically injured, she was caused to lose income, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

118.    As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, punitive damages, lost income, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

### COUNT VIII
**Negligent Infliction of Emotional Distress**
**All Defendants**

119.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

120.    As a result of the direct negligent actions taken against Ms. Hall by Defendant, Officer White, Ms. Hall was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

121.    As a result of his direct and indirect actions and inactions, Defendant, Officer Souza, caused Ms. Hall to be physically injured, placed in imminent fear for her well-being, emotionally damaged, embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

122.    As a result of the negligent failure of Defendant, Chief Moynihan, to properly train, instruct, direct, and oversee police officers under his control and authority, Ms. Hall had her civil rights violated; she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

123.    As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, punitive damages, lost income, as well as attorney's fees, costs, and all measure

of compensation and damages as is appropriate for that which Ms. Hall sustained as direct

Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

<u>**COUNT IX**</u>
**Intentional Infliction of Emotional Distress**
**All Defendants**

124.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth

herein.

125.    As a result of the aforementioned actions, Ms. Hall was deprived the right to be

free from unlawful arrest and prosecution, and deprived of the civil liberties she has been

guaranteed under the Rhode Island and United States Constitutions and the Federal laws of the

United States.

126.    As a result of the direct actions taken against Ms. Hall by Defendant, Officer

White, Ms. Hall was physically injured, she was placed in imminent fear for her well-being, she

was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully

charged as a criminal.

127.     As a result of his direct and indirect actions and inactions, Defendant, Officer

Souza, caused Ms. Hall to be physically injured, placed in imminent fear for her well-being,

emotionally damaged, embarrassed, humiliated, and unlawfully and wrongfully charged as a

criminal.

128.    As a result of the failure of Defendant, Chief Moynihan, to properly train,

instruct, direct, and oversee police officers under his control and authority, Ms. Hall had her civil

rights violated; she was physically injured, she was placed in imminent fear for her well-being,

she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully

charged as a criminal.

129.    As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, punitive damages, lost income, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

### COUNT X
### Respondeat Superior Liability
### Chief Moynihan and The South Kingstown Police Department

130.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

131.    As a result of the aforementioned actions, Ms. Hall was deprived the right to be free from unlawful arrest and prosecution, and deprived of the civil liberties she has been guaranteed under the Rhode Island and United States Constitutions and the Federal laws of the United States.

132.    Notwithstanding the specific misconduct of Officer White and Officer Souza, which falls outside the scope of their employment, certain other actions by all of the Defendants' police officers named herein were the result of policies and practices of the South Kingstown Police Department and said policies and practices contributed to the injuries

suffered by Ms. Hall; and the South Kingstown Police Department knew, encouraged, sanctioned and condoned said misconduct and otherwise participated in, authorized, and ratified the misconduct.

133.    As a result of the negligent failure of Defendant, Chief Moynihan, to properly train, instruct, direct, and oversee police officers under his control and authority, Ms. Hall had her civil rights violated; she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, she was embarrassed, humiliated, and unlawfully and wrongfully charged as a criminal.

134.    As a result of the failure of Defendant, the South Kingstown Police Department, to properly train, instruct, direct, and oversee its police officers, Ms. Hall had her civil rights violated, she was physically injured, she was placed in imminent fear for her well-being, she was emotionally damaged, financially damaged, she was embarrassed, humiliated and unlawfully as well as wrongfully charged as a criminal.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that they be awarded compensation for Ms. Hall's physical injuries, emotional scarring, embarrassment, psychological damage, pecuniary loss, punitive damages, lost income, as well as attorney's fees, costs, and all measure of compensation and damages as is appropriate for that which Ms. Hall sustained as direct Plaintiff and Mr. Hall sustained as a consortium Plaintiff.

## COUNT XI
### Failure to Provide Access to Public Records § 38-2-3
**Chief Moynihan and South Kingstown Police Department**

135.    Plaintiffs repeats and reavers all paragraphs previously alleged as if fully set forth herein.

136.    Plaintiffs Claire Hall and James Hall have a legal right to inspect and/or copy public records maintained or kept on file by the South Kingstown Police Department.

137.    Out of concern for the public interest and to contribute significantly to public understanding of the operations or activities of the South Kingstown Police Department, the Plaintiffs, Claire Hall and James Hall, made requests for public records, to which the Defendants responded fraudulently and in bad faith.

WHEREFORE, Plaintiffs Claire Hall and James Hall pray that a judgment be entered on their behalf on this count against each of the Defendants and that the court impose civil fines for their knowing, willful, and reckless violation of Rhode Island General Law, as well as reasonable attorney fees and costs. In addition, Plaintiffs Claire Hall and James Hall pray that the court shall further order the Defendants to comply with the records requests and return all fees and costs paid by Plaintiffs for said public records.

## JURY CLAIM

Plaintiffs claim a trial by jury on all claims so triable.

Date: August 31, 2023

Plaintiffs
CLAIRE HALL and JAMES HALL
By their Attorneys,

/s/ Todd D. White
Todd D. White (#5943)
Amanda L. Tramonte (#10587)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
Tel:  401-274-7200
Fax: 401-351-4607
Email:  twhite@apslaw.com
Email:  atramonte@apslaw.com

4888-2754-0344, v. 1