UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Claire Hall, et al.
Plaintiffs,
v.                                                                    Case No.: 1:23−cv−00359−MSM−PAS

South Kingstown Police Department, et al.
Defendants.

**MEMORAND IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST DEFENDANTS SOUTH KINGSTOWN POLICE DEPARTMENT, ANTHONY SOUZA, MATTHEW WHITE, AND MATTHEW C. MOYNIHAN**

Introduction

This lawsuit arises from Plaintiff Claire Hall's interaction with members of the South Kingstown Police Department (SKPD) on or about February 9, 2023. As defendants, the Plaintiffs name the SKPD, two police officers, Anthony Souza and Matthew White, and the SKPD Chief of Police, Matthew Moynihan. Although the complaint was served on the defendants on September 7, 2023, for the reasons outlined in this memorandum, the defendants did not file an answer to the complaint within the time specified in the Federal Rules of Civil Procedure. Plaintiffs applied for entry of default on October 3, 2023. The Clerk entered default on October 4, 2023. Approximately one week after the entry of default, the defendants have filed a motion to set aside the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The instant memorandum is submitted in support of that motion.

Facts

The following facts in support of setting aside the default are supported by two affidavits submitted with this motion, one by Chief Moynihan and the other by the undersigned legal counsel.

Chief Moynihan first became aware of the complaint filed by the Plaintiffs on September 1, 2023, prior to being served with the complaint, when he read about the complaint in the news.

1

In response, Chief Moynihan called the undersigned legal counsel who serves as an assistant solicitor for the Town of South Kingstown and asked if he could download a copy of the complaint from the Electronic Case Filing (ECF) system. The undersigned counsel then downloaded the complaint in this matter from ECF on September 1, 2023, and emailed it to Chief Moynihan on the same day. In the body of email, undersigned counsel wrote:

> "As discussed, attached please find the civil rights lawsuit filed in federal court yesterday against the Town of South Kingstown Police Department. Please have a claim filed with the Trust through their portal so that they can assign an attorney to defend. Thanks."

The reference to "the Trust" in this email refers to the Rhode Island Interlocal Risk Management Trust, which is the Town of South Kingstown's insurance carrier. In order for the Trust to provide a defense to the claim, a specified clerk for the Town would need to file a claim with the Trust through its online claims portal, using the proper login credentials for the Town of South Kingstown. Once a claim was filed through the portal, the Trust would assign an attorney to answer the complaint and defend the claim. Thus, in the September 1, 2023, email, the undersigned counsel was asking that Chief Moynihan start this claims process so that an attorney could be selected by the Trust to answer and defend. However, Chief Moynihan overlooked this portion of the email and assumed that, because the Town solicitor's office had a copy of the complaint, it was sufficient to ensure that the complaint was answered and defended. Based on this misunderstanding following this September 1, 2023, email, the undersigned legal counsel assumed that Chief Moynihan had the matter submitted to the Trust to answer and defend, whereas the Chief assumed that the undersigned legal counsel would take care of ensuring that complaint was answered and defended. As a result, an answer was not timely filed.

There were no further communications about this case between the Chief and undersigned legal counsel until October 10, 2023, when the Town received a public records request for body

camera footage related to the case. In response, Chief Moynihan called the undersigned legal counsel to discuss the matter. In the course of the conversation, the undersigned legal counsel suggested to the Chief that he should also check with the legal counsel assigned to this matter by the Trust regarding the public records request. Prompted by this, the Chief subsequently learned that no claim had been submitted to the Trust, no legal counsel had been assigned by the Trust, no answer had been filed, and a default had entered on October 4, 2023.

The undersigned legal counsel became aware of this when he received a call from a representative of the Trust on October 11, 2023. The Trust representative informed the undersigned legal counsel that the Trust would not provide insurance coverage or provide a defense to this matter unless the Town solicitor's office first successfully set aside the default. Immediately following this phone call with the Trust representative, the undersigned legal counsel called counsel for the plaintiffs and informed him that there would be no insurance coverage for this complaint unless the default was set aside. Plaintiffs' legal counsel graciously informed the undersigned legal counsel that the defendants could file what they needed to file to set aside the default and that he did not intend to object on behalf of plaintiffs.

Defendants subsequently filed the instant motion and memorandum to set aside the entry of default pursuant to Rule 55(c).

Standard of Review

Rule 55(c) of the Federal Rules of Civil Procedure provides, "The court may set aside an entry of default for good cause." As no default judgment has entered, the defendants do not need to satisfy the standards set forth in Rule 60(b) and, instead, need only satisfy the "good cause" standard of Rule 55(c). "[T]he 'good cause' threshold for Rule 55(c) relief is lower, *ergo* more easily overcome, than that which obtains under Rule 60(b)." Coon v. Grenier, 867 F.2d 73, 76

(1st Cir. 1989). Although determining "good cause" is not subject to a "precise formula," there are certain guidelines of "fairly universal application." Id.. Specifically, this Court "should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Id. (quoting United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir.1985)). Further, the Court "may also examine into such things as the proffered explanation for the default, the good faith of the parties, the amount of money involved, and the timing of the motion." Id. Finally, "[a]llowing an entry of default to be set aside on a showing of reasonable justification is in keeping both with the philosophy that actions should ordinarily be resolved on their merits . . . and with the command of the Civil Rules themselves." Id.

Argument

The above-referenced factors favor setting aside the entry of default in this matter. First, as outlined above and set forth in the affidavits submitted herewith, the defendants' default was by no means willful. Instead, it was the result of an honest, good faith miscommunication between Chief Moynihan and the undersigned legal counsel. Second, setting aside the default will not prejudice the plaintiffs, as indicated by the representation from their counsel that he would not be objecting. Here, it is only two weeks after the deadline for filing an answer and only seven days after the default entered. There is no prejudice suffered by plaintiffs by such a short delay in filing an answer. In fact, the plaintiffs may stand to benefit by setting aside the default, as it will mean that the Town will have insurance coverage for the claim, whereas it would not otherwise have such coverage. Third, the defendants have a meritorious defense. The defendants contest the factual assertions in the complaint and, further, have numerous legal defenses, including, but not limited to, the doctrine of qualified immunity. If the parties cannot reach settlement of this matter,

4

then these factual and legal disputes should be resolved on the merits.  Fourth, the defendants have filed their motion to set aside the default as soon as possible after learning of the entry of the default.  Finally, if the default is not set aside, it is possible that a substantial judgment could be awarded, which would ultimately need to be footed by local taxpayers, without any opportunity for the Court or a jury to rule on the merits of the dispute.

## Conclusion

For the reasons stated above, the defendants respectfully ask this Honorable Court to set aside the default pursuant to Rule 55(c), so that an answer may be filed and the case defended.

Defendants, by and through their attorney,

/s/ *Peter Skwirz*
Peter F. Skwirz #8809
Ursillo, Teitz, & Ritch, LTD
2 Williams Street
Providence, Rhode Island 02903
Tel: (401) 331-2222
Fax: (401) 751-5257

## CERTIFICATE OF SERVICE

I hereby certify that, on the 11th day of October, 2023, a true copy of within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent be email to all parties by operation of the Court's electronic filing system (Todd D. White, Esq., and Amanda L. Tramonte, Esq., Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI  02903) and the filing is available for viewing and downloading from the Court's CM/ECF System.

/s/ *Peter Skwirz*

*S:\South Kingstown\Litigation\Claire Hall et al\Memo ISO motion to set aside default.docx*