UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Claire Hall, et al.
Plaintiffs,
v.                                               Case No.: 1:23−cv−00359−MSM−PAS

South Kingstown Police Department, et al.
Defendants.

**ANSWER OF DEFENDANTS, SOUTH KINGSTOWN POLICE DEPARTMENT, ANTHONY SOUZA, MATTHEW WHITE, AND MATTHEW C. MOYNIHAN**

1. Admit

2. Without information to affirm or deny, leave plaintiffs to their proof.

3. Admit

4. Admit

5. Admit

6. Admit

7. Admit

8. Calls for a legal conclusion, no responsive pleading is required.

9. Calls for a legal conclusion, no responsive pleading is required.

10. Calls for a legal conclusion, no responsive pleading is required.

11. Calls for a legal conclusion, no responsive pleading is required.

12. Admit that Ms. Hall interacted with members of the South Kingstown Police Department in that area of Route 1 on the date in question and that her motor vehicle was present at the interaction. Otherwise, leave plaintiffs to their proof.

13. Admit that Ms. Hall was present at that approximate location on or about that date and time. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

14. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present.  Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

15. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present.  Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

16. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present.  Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

17. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present.  Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

18. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present.  Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

19. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present.  Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

20. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present.  Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

21. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

22. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

23. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

24. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

25. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

26. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

27. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

28. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

29. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

30. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

31. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

32. Admit that two people were in a collision at that approximate date, time and location where Ms. Hall was also present. Otherwise, without information to affirm or deny, leave plaintiffs to their proof.

33. Admit that Officers Souza and arrived an accident scene on or about that date, time, and approximate location where Ms. Hall was also present.

34. Admit

35. Deny

36. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

37. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

38. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

39. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

40. Without information to affirm or deny, leave plaintiffs to their proof.

41. Deny insofar as the allegation implies that the officer in question did not follow proper protocol, as proper protocol was followed by officers to make the scene safe.

42. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

43. Deny

44. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

45. Admit.

46. Admit

47. Deny

48. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

49. Admit that Ms. Hall had an interaction with South Kingstown Police Department, in a manner that amounted to obstructing an officer in the execution of duty and disorderly conduct, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

50. Admit that Ms. Hall had an interaction with South Kingstown Police Department, in a manner that amounted to obstructing an officer in the execution of duty and disorderly conduct, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

51. Admit that Officer White directed Ms. Hall to move her vehicle and Ms. Hall refused.

52. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

53. Admit that Ms. Hall had an interaction with South Kingstown Police Department, that she was directed to clear the scene and refused to do so, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

54. Admit that Ms. Hall had an interaction with Officer White, that she was directed to clear the scene and refused to do so, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

55. Admit that Ms. Hall had an interaction with South Kingstown Police Department, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

56. Admit that Ms. Hall had an interaction with Officer White, that she was directed to clear the scene and refused to do so, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

57. Admit that Ms. Hall had an interaction with Officer White, that she was directed to clear the scene and refused to do so, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

58. Admit that a lawful arrest was conduct of Ms. Hall based on her disorderly conduct and obstruction of the officer in performance of his duty and that Ms. Hall unlawfully resisted arrest, otherwise, deny.

59. Admit that a lawful arrest was conduct of Ms. Hall based on her disorderly conduct and obstruction of the officer in performance of his duty and that Ms. Hall unlawfully resisted arrest, otherwise, deny.

60. Admit that a lawful arrest was conduct of Ms. Hall based on her disorderly conduct and obstruction of the officer in performance of his duty and that Ms. Hall unlawfully resisted arrest, otherwise, deny.

61. Without information to affirm or deny, leave plaintiffs to their proof.

62. Admit that Ms. Hall cried out at the officers while unlawfully resisting arrest and that Officer White offered a review by rescue, according to protocol, otherwise, deny.

63. Admit that a lawful arrest was conduct of Ms. Hall based on her disorderly conduct and obstruction of the officer in performance of his duty and that Ms. Hall unlawfully resisted arrest, otherwise, deny.

64. Admit that a lawful arrest was conduct of Ms. Hall based on her disorderly conduct and obstruction of the officer in performance of his duty and that Ms. Hall unlawfully resisted arrest and so was also arrested for resisting arrest, which required placing her in Officer White's cruiser, otherwise, deny.

65. Admit she was placed in the cruiser, otherwise deny.

66. Admit that Ms. Hall was secured in the cruiser and taken to the station according to protocol, otherwise, deny.

67. Admit that Ms. Hall was secured in the cruiser and taken to the station according to protocol, otherwise, deny.

68. Admit that Ms. Hall's vehicle was towed, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

69. Deny

70. Deny

71. Admit that Ms. Hall resisted being processed, otherwise, without information to affirm or deny, leave plaintiffs to their proof.

72. Deny

73. Deny

74. Admit

75. Deny

76. Deny

77. All answers above incorporated herein.

78. Deny

79. Deny

80. Deny

81. Deny

82. Deny

83. Deny

84. All answers above incorporated herein.

85. Deny

86. Deny

87. Deny

88. Deny

89. All answers above incorporated herein.

90. Deny

91. Deny

92. Deny

93. Deny

94. All answers above incorporated herein.

95. Deny

96. Deny

97. Deny

98. Deny

99. All answers above incorporated herein.

100.	Deny

101.	Deny

102.	Deny

103.	Deny

104.	Deny

105.	Deny

106.	All answers above incorporated herein.

107.	Deny

108.	Deny

109.	Deny

110.	Deny

111.	Deny

112.	All answers above incorporated herein.

113.	Without information to affirm or deny, leave plaintiffs to their proof.

114.	Deny

115.	Deny

116. Deny

117. Deny

118. Deny

119. All answers above incorporated herein.

120. Deny

121. Deny

122. Deny

123. Deny

124. All answers above incorporated herein.

125. Deny

126. Deny

127. Deny

128. Deny

129. Deny

130. All answers above incorporated herein.

131. Deny

132. Deny

133. Deny

134. Deny

135. All answers above incorporated herein.

136. Deny

137. Deny

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff failed to state a claim upon which relief can be granted against any of the Defendants.

### SECOND AFFIRMATIVE DEFENSE

The Defendants plead absolute and qualified immunity as a bar to the Plaintiffs' claims.

### THIRD AFFIRMATIVE DEFENSE

The Defendants plead all statutory and common law immunities as a bar to the Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants plead the application of the public duty doctrine as a bar to Plaintiff's Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants plead the statutory cap of R.I. Gen. Laws Sec. 9-31-3.

### SIXTH AFFIRMATIVE DEFENSE

Defendants plead the defense of contributory and comparative negligence as to Claire.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any of their alleged damages in this matter.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to provide notice of their claim to the South Kingstown Town Council as required by RIGL 45-15-5.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for individual capacity for either Matthew White or Anthony Souza.

Defendants, by and through their attorney,

/s/ *Peter Skwirz*
Peter F. Skwirz #8809
Ursillo, Teitz, & Ritch, LTD
2 Williams Street
Providence, Rhode Island 02903
Tel: (401) 331-2222
Fax: (401) 751-5257

## CERTIFICATE OF SERVICE

I hereby certify that, on the 11th day of October, 2023, a true copy of within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent be email to all parties by operation of the Court's electronic filing system (Todd D. White, Esq., and Amanda L. Tramonte, Esq., Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI  02903) and the filing is available for viewing and downloading from the Court's CM/ECF System.

/s/ *Peter Skwirz*

*S:\South Kingstown\Litigation\Claire Hall et al\Answer.docx*