UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CLAIRE HALL and<br>JAMES HALL,<br>      *Plaintiffs,*<br><br>                    v.<br>SOUTH KINGSTOWN POLICE<br>DEPARTMENT, through the<br>Town Manager James Manni;<br>POLICE CHIEF MATTHEW C.<br>MOYNIHAN, POLICE OFFICER<br>MATTHEW WHITE and POLICE<br>OFFICER ANTHONY SOUZA,<br>      *Defendants*. | C.A. No.: 1:23-cv-00359-MSM-PAS |

## **DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

1. This matter arises out of the arrest of the plaintiff on February 9, 2023, by members of the South Kingstown Police Department.

2. On February 9, 2023, at approximately 1514 hours, South Kingstown Police Officers Matthew White and Anthony Souza were dispatched to a motor vehicle crash with possible injuries on Route 1 northbound near the intersection of Torrey Road.

3. The accident involved an automobile operated by Samuel St. Hilaire, which was struck in the rear by a vehicle operated by Van Limoges, then 17.

4. Minutes later, Plaintiff Claire Hall was driving on Route 1 northbound when she came upon the scene of the accident. She pulled over to the left side of the roadway, parked her vehicle, and exited to check on Samuel St. Hilaire and Van Limoges.

1

5. Plaintiff checked on the well-being of the involved parties and then used her personal cell phone to call Mr. Limoges's father.

6. While Plaintiff Claire Hall was on the phone with Mr. Limoges's father, Officer Souza arrived at the scene.

7. When Officer Souza arrived at the crash scene, the Limoges and St. Hilaire vehicles were stopped in the left lane of travel and Hall's vehicle was stopped in the median with the passenger-side wheels on the roadway, straddling the left shoulder's yellow line and the left lane of the travel lane.

8. Officer Souza advised Ms. Hall that he needed to clear the scene. Ms. Hall remained on the scene.

9. Officer White arrived on the scene and, after ascertaining that Ms. Hall's vehicle was not involved in the crash, advised that any moveable vehicles needed to get off of the road and instructed Ms. Hall to move her vehicle.

10. Ms. Hall did not move her vehicle.

11. White instructed Van Limoges to put his car in the park and asked if he could shut the car off. Van Limoges responded that the key was stuck.

12. Mr. Limoges stepped out of the vehicle and as Officer White was speaking to him, Claire Hall approached and asked "do you think he's going to be taken from the scene?" and advised that she was on the phone with his father.

13. When Officer White was told that Hall's vehicle was not involved, he told her "we need to get that vehicle off the road" and asked her to move the car into the parking lot off the highway.

14. When Hall inquired as to what to convey to Limoges' father, Officer White advised that "we will take care of that" while Officer Souza advised her that the paramedics were on their way to "check him out".

15. Hall continued to insist that she needed information for Mr. Limoges's father.

16. Officer Souza advised Hall that they were in the middle of a highway"and Officer White again asked Hall "can you move your car please? Thank you."

17. As White began to question St. Hilaire whether his vehicle was drivable, and that they were going to get it off to the side of the road, Ms. Hall came up to them and again interrupted Officer White.

18. Officer White told her that she "could leave", and she again stated that "I just want you to tell me what to tell his father."

19. Officer White advised her that she didn't have to leave but she had to move her car.

20. After Officer White asked Limoges to have a seat at the center of the median and asks whether Limoges is ok, Hall came over and said "Do you want to talk to his father? Here, why don't you talk to his father", while waving her phone in White's personal space.

21. White replied that he was working and asked the Plaintiff to "please go sit in [her] car" as she had "nothing to do with this".

22. Plaintiff did not go to her vehicle.

23. Plaintiff argued with White, stating that she was an attorney and Mr. Limoges was a minor and that he "needed to tell her where [Limoges] was going to be".

24. Claire Hall was not, in fact, Limoges' attorney.

25. Officer White advised Hall that he did not "need" to tell her anything and that he was going to arrest her in a second if she did not get into her car.

26. She did not get in her vehicle.

27. White advised her that she was impeding an investigation, again commanding her to go sit in her car.

28. Hall ignored White's orders, loudly demanding "what should I tell his father?".

29. White responded that he would talk to the father "in a minute" and shouted at her "get in your car NOW!".

30. Hall did not comply, but instead held her cell phone directly in front of Officer White's face saying "Tell him.  Here, take it!".

31.  Officer White then attempted to place the Plaintiff Claire Hall under arrest, but she resisted arrest, screaming "don't touch me!" and struggling to get away.

32.  Officer Souza assisted Officer White by using a leg sweep to get Plaintiff Claire Hall to the ground in order to get the handcuffs on.

33. Once the handcuffs were on Hall, she was helped up and brought to a police cruiser while screeching, cursing and causing a commotion, at one point screaming "this man is beating the shit out of me!".   At the time, Officer Souza was gently escorting her to the cruiser.

34. Hall was brought to the station for booking and released that same day.

35. Several months later, the charges were dismissed without prejudice under R.I. Gen. Laws §12-10-12, requiring, inter alia, Hall to be of good behavior and keep the peace for one year in order to avoid the charges being resurrected.

36. Each of the orders to Hall to move her car as set forth herein was a lawful order.

37. Each of the orders to Hall to get into her car as set forth herein was a lawful order.

38. Plaintiff Claire Hall has filed suit against the South Kingstown Police Department, the Chief of the South Kingstown Police Department, in his capacity as Chief of Police, Chief Matthew C. Moynihan, Officer Matthew White and Officer Anthony Souza in both their individual capacity, as well as their capacity as police officers for the Town of South Kingstown.

39. Plaintiff James Hall has Plaintiff Claire Hall has filed suit against the South Kingstown Police Department, the Chief of the South Kingstown Police Department, in his capacity as Chief of Police, Chief Matthew C. Moynihan, Officer Matthew White and Officer Anthony Souza in both their individual capacity, as well as their capacity as police officers for the Town of South Kingstown for loss of consortium.

40. Claire Hall resisted arrest.

        Defendants,
        By their attorney,

        /s/ Melody A. Alger
        Melody A. Alger, Bar No. 4585
        Alger Law LLC
        1300 Division Road, Suite 206
        West Warwick, RI 02893
        Tel: (401) 277-1090
        Fax: (401) 277-1094

## **CERTIFICATION**

I hereby certify that on the 15th day of January 2025, this document was filed electronically and is available for viewing and downloading from the ECF System and a copy was served by electronic mail to the following counsel of record:

Todd White, Esq.

                                                     /s/ Deana Peters