CLAIRE HALL and
JAMES HALL,
    *Plaintiffs,*

          v.

SOUTH KINGSTOWN POLICE
DEPARTMENT, through the
Town Manager James Manni;
POLICE CHIEF MATTHEW C.
MOYNIHAN, POLICE OFFICER
MATTHEW WHITE and POLICE
OFFICER ANTHONY SOUZA,
    *Defendants*.

C.A. No.: 1:23-cv-00359-MSM-PAS

## DEFENDANT'S REPLY TO PLAINITFF'S OBJECTION TO MOTION IN LIMINE RE MANCINI TESTIMONY

Frank Mancini's opinion that the Town and Chief Moynihan were negligent in failing to review Defendant White's file, which reflected a pattern of aggressive policing so as to require retraining, not only lacks foundation, it is grossly erroneous.  Specifically, Mancini says:

> *… [N]one of Officer White's supervisors, including the Chief of Police, had reviewed his file to discern a pattern of aggressive policing that should be considered unwarranted.*

> *Officer White's file* shows sufficient indicia of an aggressive police officer who needed retraining prior to his interaction with Ms. Hall. All the "Response to Resistance" notations in Officer White's file occurred while Chief Moynihan was the Chief of the South Kingstown Police Department. None of Matthew White's supervisors, including Chief Moynihan, *adequately intervened when presented with signs of his aggressive behavior that required retraining.*

The following is not disputed: Mancini did not review White's personnel file, did not review the "Response to Resistance" reports and had not reviewed any IA reports predating the incident involving Ms. Hall that involved Officer White. Nor is it disputed that Mancini had no

information that White had been disciplined for using excessive force or aggressive behavior in the 2–3-year period prior to Hall's arrest (Tr., pp. 82-83).

As noted previously, Defendants do not challenge Mancini's qualifications, nor the admissibility of his opinion as to the conduct of White and Souza in effectuating Hall's arrest.  However, as there is an inadequate factual foundation to his erroneous claim that a review of White's file would have yielded evidence of a pattern of aggressive behavior, his testimony as to the negligent hiring and supervision claim and the *Monell* claim must be excluded.

Defendant,
Town of South Kingstown,

*/s/ Melody A. Alger*

Melody A. Alger, Esquire #4585
ALGER LAW LLC
1300 Division Road, Suite 206
West Warwick, RI 02893
(401) 277-1090
(401) 277-1094 – Fax
malger@algerlaw.com

## CERTIFICATION

I, the undersigned, hereby certify that on this 29th day of September, 2025, this document was filed electronically and a copy was served by electronic mail to the following counsel of record:

Todd White, Esq.

*/s/ Melody A. Alger*